## Case No. 12,409.

SAWYER et al. v. TURPIN et al.

[1 Holmes, 226.] [1]

Circuit Court, D. Massachusetts. March, 1873. [2]

BANKRUPTCY — ILLEGAL PREFERENCE — MORTGAGE IN EXCHANGE FOR DEED—FOUR MONTHS' LIMIT.

1. A mortgage given by a debtor to his creditor within four months before the debtor's petition in bankruptcy, in exchange for a deed of the same property given to the creditor more than four months before the petition, is valid against the debtor's assignees in bankruptcy, although the deed has not been recorded, and no possession under it been taken, before the exchange.

2. A mortgage held void as against the assignees in bankruptcy of the mortgagor; it having been given within four months before his petition in bankruptcy, he being then insolvent, to a creditor who had reasonable cause to believe him to be insolvent.

[Appeal from the district court of the United States for the district of Massachusetts.

[This was an action by Jabez A. Sawyer and others against Edward Turpin and others. From a decree in the district court for defendants (Case No. 12,410), plaintiffs appeal.]

J. G. Abbott and Benjamin Dean, for appellants.
Joshua D. Ball, for appellees.

SHEPLEY, Circuit Judge. This is an appeal from so much of the decree of the district judge as directed the complainants to pay over to the respondents, Novelli & Co.,

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 12,410. Decree of circuit court affirmed by supreme court in 91 U. S. 114.]

the proceeds of the sale under order of court, of a certain building described in the bill of complaint as situated on the northerly side of Atlantic street in Lynn.

Certain real estate had been mortgaged by Jeremiah C. Bacheller, a bankrupt, whose assignees are the complainants, on the twenty-seventh day of July, and the personal property, being the building above described, on the thirty-first day of July, to the defendant Turpin, for and in behalf of the other defendants, Novelli & Co. These mortgages were given as collateral security for a debt due Novelli & Co. from the bankrupt. They were given within four months of the filing of the petition on the 22d of October, on which Bacheller was declared bankrupt. The district court [Case No. 12,410] found upon the evidence, that, at the date of these conveyances, Bacheller was insolvent, and that the defendants had reasonable ground to believe him to be so. On this ground, the court decided that the conveyance of the real estate mortgaged on the 27th of July was void, and ordered the proceeds of the sale of that property to be paid to the assignees. Upon examination of the evidence, we see no reason to doubt the correctness of this portion of the decree, or the accuracy of the conclusions upon which it is based.

If the chattel mortgage had been given under like circumstances and upon similar considerations, the same consequences would have followed. The chattel mortgage differs from the mortgage of the real estate, in the fact that it was given in substitution for a deed of the same property which had been received prior to June 9, and more than four months before the filing of the petition in bankruptcy. It is well settled, that an exchange of security, even after the debtor is known to be insolvent, is perfectly valid, if the creditor, by the exchange, receives no more in value than he gives up. Stevens v. Blanchard, 3 Cush. 169. It is argued, that, as the deed surrendered in exchange for the mortgage of the same property had not been recorded, and no possession had been taken under it before the exchange of securities, the rights of the creditor must be determined upon the state of facts as they existed when he took the mortgage of July 31, and not at the date of the absolute deed of May 15, which he surrendered.

The deed was valid as between the parties, without possession or record. Gen. St. Mass. c. 151, § 1. He might have taken possession any moment, or have recorded it at any time before the exchange of securities. The deed he surrendered before record was as good as the mortgage he received before that was recorded. He obtained no other or greater security than he gave up. He could have recorded either of them, and have perfected his rights as against creditors before any rights of creditors had intervened; and no rights of creditors had intervened when the exchange was made. The grantee does not appear to

have been benefited in a pecuniary way, or the general creditors injured, by the exchange, and there was consequently no unlawful preference. ···

Decree of district court affirmed.

[On appeal to the supreme court, the above decree was affirmed. 91 U. S. 114.]

